IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| JIANYI ZHANG, | * |
| Plaintiff, | * |
| v. | *  Civil Case No.: SAG-23-1188 |
| U.S. FOOD AND DRUG ADMINISTRATION, | * |
| Defendant. | * |

**MEMORANDUM OPINION**

Plaintiff Jianyi Zhang, who is self-represented, filed an Amended Complaint in this Court against the United States Food and Drug Administration ("FDA"), seeking to "require" the FDA to approve certain protocols allowing potential therapeutic drugs to be used in combination to treat Alzheimer's disease, to facilitate a hunt for a cure. ECF 29. FDA has filed a motion to dismiss Zhang's Amended Complaint. ECF 31. Zhang filed a "Motion to Dismiss the Defendant's Motion," ECF 33, but as there is no procedural mechanism for dismissal of a motion, Zhang's motion will be denied and construed as an opposition to FDA's motion. Zhang also filed a supplement to his opposition, ECF 34. Finally, FDA filed a reply. ECF 35. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, FDA's motion must be granted because Zhang lacks standing to sue.

I.  **BACKGROUND**

These facts are derived from Zhang's Amended Complaint, ECF 29. Alzheimer's disease is a progressive neurological disorder causing millions of deaths each year worldwide. *Id.* ¶ 3. In the United States, FDA oversees a rigorous review process for approval of drug products. *Id.* ¶ 1. Dozens of potential Alzheimer's treatments have passed the safety test, yet failed to show efficacy

in the Phase III clinical trials required for FDA approval. *Id.* ¶¶ 2, 4. Zhang believes that some of those potential treatments, in combination, may prove effective. *Id.* ¶¶ 5, 6. He submitted a citizen petition to FDA requesting that it approve "Potential Therapeutic Drugs (PTDs)" intended to treat Alzheimer's and other "patients with medical conditions currently without any effective medication" with only a demonstration of safety and not pre-market studies of efficacy. *Id.* ¶¶ 8, 9. Zhang believes that the odds of discovering an effective combination of treatments would be much higher if such a practice were allowed, given the exorbitant costs of clinical trials for drug combinations. *Id.* ¶¶ 18, 19. FDA denied Zhang's petition, *id.* ¶ 9, leading to this action.

## II.     LEGAL STANDARD

FDA asserts that Zhang lacks standing to sue. As the Supreme Court has explained, the standing doctrine is "built on a single basic idea — the idea of separation of powers." *Food and Drug Admin. v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 378(2024) (quoting *United States v. Texas,* 599 U.S. 670, 675 (2023)). To ensure that the federal courts do not encroach on the purview of the legislative or executive branches, Article III of the United States Constitution restricts the jurisdiction of the federal courts to actual "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992); U.S. Const. Art. III, § 2. In other words, Article III standing exists only where "questions [are] presented in an adversary context." *Massachusetts v. E.P.A.*, 549 U.S. 497, 516 (2007) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)) (internal quotation marks omitted). At this stage of his case, to establish standing, Zhang must plead facts to plausibly establish standing, because it "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Overbey v. Mayor of Baltimore*, 930 F.3d 215, 227 (4th Cir. 2019) (citations omitted).

Thus, the Complaint must include factual allegations to plausibly establish (1) that Zhang "suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) that his injury is "fairly traceable to the challenged action of the defendant"; and (3) that his injury is capable of redress "by a favorable decision." *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009) (quotations omitted). Those "separate criteria" each must be satisfied. *Griffin v. Dep't. of Labor Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019). The injury asserted must be more than a simple failure of government officials to comply with the law. *See Lujan*, 504 U.S. at 577 (noting that Congress cannot "convert the undifferentiated public interest in executive officers' compliance with the law into an 'individual right' vindicable in the courts."); *Whitmore v. Arkansas*, 495 U.S. 149, 160 (1990) ("[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court.") (quoting *Allen v. Wright*, 468 U.S. 737, 754 (1984)); *see also United States v. Hays*, 515 U.S. 737, 743 (1995) ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power.").

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1997); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

Zhang's Amended Petition is devoid of any factual allegations suggesting that he has suffered any concrete and particularized injury from the FDA's present drug approval process. In fact, while a plaintiff cannot amend his complaint through motions briefing, in his opposition Zhang explains, "Everyone is likely to suffer from [Alzheimer's], especially people aged over 65. [M]illions of people are suffering from [Alzheimer's], and many more will be diagnosed soon. And Zhang has likelihood to suffer from it." ECF 33-1 at 4. He acknowledges, then, that he is in the same position as the general population with respect to potential risk of future injury.

This Court certainly agrees that Alzheimer's is a prevalent and devastating disease impacting many families. But the universal nature of the potential harm prevents Zhang from asserting the type of particularized injury the law requires. A "particularized" injury "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citing *Lujan*, 504 U.S. at 560 n.1). Regardless of its merits, the injury asserted to establish standing cannot be an "undifferentiated, generalized grievance" that all citizens share. *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Thus, while Zhang should be commended for his public-minded interest

4

in seeking ways to combat a debilitating health condition, the separation of powers as protected by standing doctrine does not permit this Court's intervention in his pursuit.

## IV.     CONCLUSION

For the reasons stated herein, FDA's Motion to Dismiss, ECF 31, must be granted because Zhang lacks standing and Zhang's Motion to Dismiss FDA's Motion, ECF 33, must be denied. The case will be closed. A separate Order follows.

Dated: October 8, 2024                                      /s/
                                                   Stephanie A. Gallagher
                                                   United States District Judge